UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YOANDY F MORALES,<br><br>                         Plaintiff,<br>  v.<br>DR. AGUSTIN, et al.,<br><br>                        Defendants. | Case No. 2:21-cv-01634-GMN-VCF<br><br>SCREENING ORDER |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed two applications to proceed *in forma pauperis*. (ECF Nos. 1, 5.) Plaintiff has also filed a motion for a docket sheet and a document titled "request for judicial notice." (ECF Nos. 4, 6.) Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A and addresses Plaintiff's motions.

I.  **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.

2

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

On July 13, 2021, Plaintiff initiated a case with Case No. 2:21-cv-01319-GMN-NJK ("First Case"). On September 3, 2021, Plaintiff initiated this case. The complaints in both cases are the same and appear to be exact copies.[1] The only difference between the complaints is that the complaint in this case lists Justin Reyes as a Defendant. However, the body of each complaint is identical, and neither complaint includes any allegations about Justin Reyes.

Duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff). District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including,

///

---

[1] *Compare* Case No. 2:21-cv-01319-GMN-NJK (ECF No. 1-1), *with* Case No. 2:21-cv-01634-GMN-VCF (ECF No. 1-1).

3

where appropriate . . . dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

It is not clear whether Plaintiff intended to initiate a new case or was attempting to file an amended complaint in his previous case.  As the Court will discuss in greater detail in addressing Plaintiff's motions, it appears that he has gotten confused keeping track of multiple cases.  As such, it appears that opening this duplicative action may have been inadvertent.  Plaintiff will have the opportunity to pursue his claims in the First Case, and the Court dismisses this later filed case as duplicative and close this case.  To the extent that Plaintiff wishes to file an amended complaint pursuing claims against Justin Reyes, he should file any amended complaint in his previous action.

### III. PLAINTIFF'S MOTIONS

On October 18, 2021, Plaintiff filed a motion for a docket sheet.  (ECF No. 4.)  In the motion, Plaintiff indicates that he initiated this case on January 22, 2021, and that he wishes to see whether anything has occurred in this case since that date.  However, this case was filed on September 3, 2021.

On November 10, 2021, Plaintiff filed a request for judicial notice. (ECF No. 6.)  In this motion, Plaintiff states that he received the Court's Order dated September 24, 2021, in which the Court dismissed the complaint without prejudice and with leave to amend by November 23, 2021.  Plaintiff states that he does not wish to continue to pursue the case.  No such order was filed in this case.  However, the Court notes that on October 25, 2021, a screening order was issued dismissing Plaintiff's complaint in Case No. 2:21-cv-00121-JAD-VCF without prejudice and with leave to amend by November 26, 2021.  That case was filed on January 19, 2021.

Although the dates do not match exactly, it appears that both Plaintiff's motion for a docket sheet and his request for judicial notice refer to Case No. 2:21-cv-00121-JAD-VCF.  Because the motions do not appear to apply to this case, the Court denies both motions.  If Plaintiff wishes to pursue his motion for a docket sheet and his request for judicial notice in Case No. 2:21-cv-00121-JAD-VCF, he may refile them in that case.

## IV. CONCLUSION

For the foregoing reasons, it is ordered that the Clerk of the Court file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

It is further ordered that Plaintiff's complaint is dismissed in its entirety as duplicative of the complaint filed at Case No. 2:21-cv-01319-GMN-NJK. Plaintiff must pursue his claims in that case.

It is further ordered that Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 1, 5) are denied as moot.

It is further ordered that Plaintiff's motion for a docket sheet (ECF No. 4), and his request for judicial notice (ECF No. 6) are denied.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS __1__ day of ~~November~~ December 2021.

12/1/21

Gloria M. Navarro, Judge
United States District Court